IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ASSISTANCE DOGS OF THE WEST,

    Plaintiff,

v.                                                                       No._____

MERIAL, INC.,

    Defendant.

## **NOTICE OF REMOVAL**

Defendant Merial, Inc. hereby removes this lawsuit to the United States District Court for the District of New Mexico and as grounds therefore states as follows:

**I.    BACKGROUND AND PROCEDURAL PREREQUISITES FOR REMOVAL**

1.    Plaintiff Assistance Dogs of the West commenced this action in the First Judicial District Court, County of Santa Fe, State of New Mexico, Civil Action No. D-101-CV-2015-00875, by the filing of Plaintiff's Complaint for Damages ("Complaint") on April 15, 2015. Copies of all pleadings filed in that action are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

2.    This Notice of Removal is being filed in this Court within 30 days of the service of Plaintiff's Complaint on Defendant and within one year of commencement of this action. *See* 28 U.S.C. §§ 1446(b)(2)(B); (c).

3.    The state court in which this action was commenced is within this Court's district. Venue is therefore proper under 28 U.S.C. §§ 111 and 1441(a).

## II.    THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION.

4. This action is properly removable to federal court pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between all properly joined parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A.    The Parties to this Action are Citizens of Different States.

5. The Complaint alleges that Plaintiff Assistance Dogs of the West ("ADW") is a "not-for-profit company based in Santa Fe, New Mexico." *See* Pl.'s Compl. ¶ 5, Ex. A.  Upon information and belief, it is incorporated under the laws of the State of New Mexico and has its principal place of business in New Mexico.  ADW is therefore a citizen of the State of New Mexico. 28 U.S.C. § 1332(c)(1).

6. Defendant Merial, Inc. is the proper defendant in this action.  *See* Decl. of Aimee P. Keane, attached hereto as Ex. B, ¶ 5.  It is the successor to Merial, Limited which is the entity that was named in the Complaint that was filed by Plaintiff in state court. *Id.*

7. At the time that Plaintiff's state court action was filed in April 2015, and at all times since, Merial, Inc. was and remains a corporation incorporated under the laws of the State of Georgia with its principal place of business in the State of Georgia.  *Id.* It is therefore a citizen of Georgia.  28 U.S.C. § 1332(c)(1).

8. At the time that Plaintiff's state court action was filed in April 2015, and at all times since, Merial Limited was and remains a limited liability company incorporated under the laws of the state of Delaware. Ex. B ¶ 4. Merial Limited's two members are citizens of Georgia and France. *Id.*  It is therefore a citizen of Georgia and France.

9. Pursuant to 28 U.S.C. §§ 1332 and 1441, there is complete diversity of citizenship between Plaintiff and Merial.

### B.   The Amount in Controversy Exceeds $75,000

10. In order for a case to be removable pursuant to 28 U.S.C. § 1332(a), the amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The proponent of federal jurisdiction carries the burden of proving that the amount in controversy exceeds the jurisdictional minimum of $75,000. *McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2008). A permissible way to prove the "amount in controversy" is to rely upon a plaintiff's "informal estimates or settlement demands." *See Id.* at 954, 955 (citing *Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 541-42 (7th Cir. 2006) and indicating that a proponent of federal jurisdiction can satisfy the amount in controversy requirement if a plaintiff has made "an explicit demand for more than $75,000 . . .").

11. In this case, Plaintiff has made a demand in excess of $75,000. *See* Pl.'s Demand, relevant portions attached hereto as Ex. C, at 5. The demand was made on August 21, 2014. *Id.*

12. Defendant denies Plaintiff's contentions and all liability, and specifically denies that Plaintiff is entitled to any damages whatsoever. The amount in controversy therefore exceeds $75,000.

### C.   This Case is Removable

13. The foregoing facts establish that this case is removable pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

**WHEREFORE**, in light of the foregoing, Defendant respectfully removes this action from state court into this Court for trial and determination. Pursuant to 28 U.S.C. § 1446(d),

promptly upon filing this notice, Defendant will give written notice of the filing thereof to Plaintiff and will file a copy of the notice with the Clerk of the First Judicial District Court in County of Santa Fe, New Mexico, from which this action was removed.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____

Nelson Franse
Stephen R. Marshall
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
FAX: (505) 768-7395
*Attorneys for Defendant Merial, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of June, 2015, I filed the foregoing electronically through the ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing and I further certify that I sent the foregoing by mail to the following:

Molly Schmidt-Nowara
Matthew L. Garcia
201 Third Street NW
Suite 480
Albuquerque, NM 87102
*Counsel for Assistance Dogs of the West*

By _____
Stephen R. Marshall