Case 1:15-cv-00502-KBM-GBW   Document 1-1   Filed 06/15/15   Page 1 of 14

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/15/2015 2:53:04 PM
STEPHEN T. PACHECO
Jorge Montes

FIRST JUDICIAL DISTRICT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

ASSISTANCE DOGS OF THE WEST,

        Plaintiff,

vs.

MERIAL, LIMITED, a Delaware Limited
Liability Company, d/b/a, MERIAL, LLC,
a Sanofi Company, a foreign for-profit corporation,

        Defendant.

D-101-CV-2015-00875

## COMPLAINT FOR DAMAGES

Plaintiff, by and through counsel of record, Garcia Ives Nowara (Molly Schmidt-Nowara and Matthew L. Garcia), hereby brings this complaint for damages to Plaintiff Assistance Dogs of the West (herein, "ADW") resulting from the administration of defective Parvo vaccines sold by Defendant Merial, Limited d/b/a Merial, LLC ("Merial").

### PARTIES JURISDICTION AND VENUE

1. Plaintiff ADW is a not-for-profit company doing business in Santa Fe County, New Mexico.

2. Defendant Merial is a for-profit corporation doing business in the State of New Mexico. Merial manufactures, among other things, Parvo vaccine for dogs, which is sold throughout the country and in New Mexico.

3. This Court has subject matter jurisdiction over this case.

4. Jurisdiction and venue is proper pursuant to common law, and NMSA 1978, § 38-3-1(A) (1988). Further, this Court has personal jurisdiction over Merial because it is engaged in intentional, substantial, continuous and systematic contacts within the State of New Mexico.

1

**EXHIBIT A**

**FACTUAL ALLEGATIONS**

5.      ADW is a not-for-profit agency based in Santa Fe New Mexico that trains and places assistance dogs for various purposes.  ADW has been training assistance dogs for more than 20 years.  ADW provides dogs to serve a wide-range of purposes, including medical alert and response dogs, mobility dogs, dogs trained to serve combat veterans, and service dogs working as courthouse dogs and in a variety of professional therapists' practices.  On average, ADW has 25-35 dogs in training and graduates 15 dogs per year.

6.      ADW leads the nation in successful placements of service dogs and far outpaces other similar agencies.

7.      Dogs typically spend two years in ADW training before they are placed with a client with a disability or a handler working in a professional setting.  The single most critical component of ADW's training efforts begins with eight-week-old puppies training at the home of Jill Felice, ADW's founder and program director.  Additionally, the breeders who supply dogs to the program typically send the puppies at that age because it is impractical to house them until they are 20 weeks old and fully vaccinated.

8.      The period of training from eight weeks to twenty weeks is irreplaceable and its training of puppies during those time periods is critical to the success of its educational programs and future client-dog teams.

9.      ADW also maintains its own breeding program.  ADW receives dogs from select breeders and also conducts its own breeding program.  ADW's breeding, whelping, and the initial raising and training also occur at Ms. Felice's home, as well as the home of another trainer, Jodie Backensto.  A significant amount of each dog's training activity during the first

two years of the dog's life is spent at ADW's offices in Santa Fe, in its transport vehicles, and at the home of ADW's trainers.

10. Between late April 2012 and May 2014, seven of ADW's puppies contracted Parvo. All seven puppies had been vaccinated with defective Merial Parvo vaccine.

11. ADW follows American Animal Hospital Association ("AAHA") protocols in vaccinating its puppies, which exceeds the minimum recommendation published by Merial. ADW's veterinarians properly administered all vaccinations.

12. The first outbreak, involving two fully vaccinated labradoodles, occurred in late April 2012 at ADW's offices and concurrently at the home of Ms. Backensto, a trainer.

13. ADW's transport vehicles were also infected with the Parvo virus.

14. When ADW discovered the outbreak, it consulted with its primary vet and shelter vets and then followed their recommendations for strict disinfectant protocols, which dictated that ADW wait for 18 months before bringing puppies into the contaminated environments.

15. During this period, arriving puppies were sequestered at Ms. Felice's property until they were fully vaccinated and five months old. No puppies under five months were brought to the offices or placed at Ms. Backensto's home.

16. Despite following the strict protocols, a second outbreak occurred. The second outbreak occurred in November 2013, when two more fully vaccinated ADW labradoodles developed Parvo.

17. The second set of puppies infected with Parvo were from the same breeder and line as the first Parvo cases, so ADW performed testing and titers, which revealed that the dogs were not immunized, even though they, too, had been vaccinated with Merial Parvo vaccines.

3

18.     The two dogs infected in November 2013 had been fully isolated from the previously contaminated areas.

19.     The third and final outbreak occurred in May 2014.  Three fully vaccinated Labradors came down with Parvo.  Similarly, the Labradors had been vaccinated with Merial Parvo vaccine.

20.     ADW consulted with numerous experts, who uniformly advised that the ADW offices and Ms. Felice's home were highly contaminated with Parvo and stringent precautions had to be taken to prevent further outbreak.  Additionally, because certain infected puppies were with Ms. Backensto for a period of time, her home and vehicles must be treated as contaminated.

21.     As a consequence of these evens, ADW no longer has a safe environment in which to breed, whelp, and raise young puppies.

22.     ADW incurred damages as a result of the defective Merial Parvo vaccine.

## COUNT I
## STRICT PRODUCT LIABILITY

23.     Plaintiff incorporates paragraphs 1-27 of the Complaint as if the same were fully set forth herein.

24.     At all times material to the allegations of this Complaint, Defendant Merial was in the business of designing, manufacturing, packaging, and marketing veterinarian vaccines, including vaccines such as the Parvo vaccine, and did design, manufacture, and package the Parvo vaccine administered to the ADW puppies in this matter.

25.     Merial is the manufacturer of the subject vaccine, and is liable under the doctrine of strict products liability in tort for injuries produced by defects in the subject vaccine arising out of the design, manufacture, and/or packaging of said vaccine.

4

26. At the time the Parvo vaccines administered to ADW's dogs left Merial's control, the vaccines were defective and unreasonably dangerous because they were ineffective.

27. ADW could not by the exercise of reasonable care have discovered that the vaccines it had administered to its dogs were defective.

28. Merial knew consumers, like ADW, would use its product without being inspected for a defect.

29. Merial's inadequate, unreasonable, and unacceptable manufacture and/or design were the direct and proximate cause of Plaintiff's injuries.

## COUNT II
## NEGLIGENCE

30. ADW incorporates the preceding paragraphs as if fully set forth herein.

31. Merial has a duty to act with ordinary care in conducting its business dealings.

32. Through the acts and omissions described above, Merial breached its duty.

33. Merial committed acts of omission and commission, which collectively and severally constituted negligence, were the direct and proximate cause of ADW's injuries and damages.

## COUNT III
## BREACH OF WARRANTY

34. ADW incorporates the preceding paragraphs as if fully set forth herein.

35. Merial breached the implied warranties of merchantability and fitness, which breach of said implied warranties was both a proximate and producing cause of the injuries to ADW.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, for compensatory damages; for punitive or exemplary damages; for court costs incurred; for attorney's fees; and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Garcia Ives Nowara

By: /s/ Molly Schmidt-Nowara
Molly Schmidt-Nowara
Matthew L. Garcia
201 Third Street NW
Suite 480
Albuquerque NM 87102
(505) 899-1030

Counsel for Assistance Dogs of the West

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/15/2015 2:53:04 PM
STEPHEN T. PACHECO
Jorge Montes

FIRST JUDICIAL DISTRICT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

ASSISTANCE DOGS OF THE WEST,

    Plaintiff,

vs.                                    D-101-CV-2015-00875

MERIAL, LIMITED, a Delaware Limited
Liability Company, d/b/a, MERIAL, LLC,
a Sanofi Company, a foreign for-profit corporation,

    Defendant.

## JURY DEMAND

Assistance Dogs of the West, by and through its counsel of record, Garcia Ives Nowara, hereby requests a jury of six (6) persons pursuant to Rule 1-038 NMRA 2005. Payment in the amount of $150.00 is tendered with this request.

WHEREFORE, Assistance Dogs of the West requests that this case be placed on the jury docket and assigned a jury of six (6) persons.

                                      Respectfully submitted,

                                      Garcia Ives Nowara

                                      By: /s/ Molly Schmidt-Nowara
                                      Molly Schmidt-Nowara
                                      Matthew L. Garcia
                                      201 Third Street NW
                                      Suite 480
                                      Albuquerque NM 87102
                                      (505) 899-1030

                                      Counsel for Assistance Dogs of the West

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2015 I filed and served the foregoing through the New Mexico Electronic Filing system, which caused all counsel of record to be served by electronic means.

        Respectfully submitted,

        Garcia Ives Nowara

        By: /s/ Molly Schmidt-Nowara
        Molly Schmidt-Nowara
        201 Third Street NW
        Suite 480
        Albuquerque NM 87102
        (505) 899-1030

        Counsel for Assistance Dogs of the West

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/16/2015 9:01:06 AM
STEPHEN T. PACHECO
Victoria Neal

FIRST JUDICIAL DISTRICT COURT  No. D-101-CV-2015-00875
COUNTY OF SANTA FE
STATE OF NEW MEXICO  Judge Raymond Ortiz
Court Address:  225 Montezuma Avenue, Santa Fe NM 87501
Court Telephone Number: 505-455-8250

ASSISTANCE DOGS OF THE WEST,

    Plaintiff,

vs.

**ISSUED**

MERIAL, LIMITED, a Delaware Limited
Liability Company, d/b/a, MERIAL, LLC,
a Sanofi Company, a foreign for-profit corporation,

    Defendant.

## SUMMONS
## THE STATE OF NEW MEXICO

**TO:**   Merial, Limited, a Delaware Limited Liability Company,  d/b/a, Merial, LLC
c/o CT Corporation System
123 E. Marcy
Santa Fe, NM 87501
**Defendant.**

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 16th day of April, 2015.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
    Deputy

**AttorneyS for plaintiff:**

Molly Schmidt-Nowara
Matthew L. Garcia
Garcia Ives Nowara
201 Third Street NW, Suite 480
Albuquerque, NM 87102
Ph: (505) 899-1030

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

# **RETURN**

STATE OF _____ )
                                               ) ss
COUNTY OF _____ )

       I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Summons in said County on the _____ day of _____with copy of Complaint attached in the following manner:
*(check one box and fill in appropriate blanks)*

[ ]    to Defendant _____ (used when Defendant receives copy of Summons or refuses to receive Summons)

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, who at the time of such service as absent therefrom

[ ]    by posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode)

[ ]    to _____, an agent authorized to receive service of process for Defendant

[ ]    to _____, (parent) (guardian) of Defendant (used when Defendant is a minor or an incapacitated person)

[ ]    to _____ (name of person), _____, (title of person authorized to receive service) (used when Defendant is corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)

Fees:

_____
Title (if any)

Subscribed and sworn to before me this _____day of _____, 2015.

_____
Judge, Notary or Other Officer
Authorized to Administer Oaths

Official Title: _____
My commission expires: _____

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/27/2015 2:36:08 PM
STEPHEN T. PACHECO
Jessica Garcia

| | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT** | No. D-101-CV-2015-00875 |
| **COUNTY OF SANTA FE** | |
| **STATE OF NEW MEXICO** | **Judge Raymond Ortiz** |

**Court Address:** 225 Montezuma Avenue, Santa Fe NM 87501
**Court Telephone Number:** 505-455-8250

ASSISTANCE DOGS OF THE WEST,

      Plaintiff,

vs.

MERIAL, LIMITED, a Delaware Limited
Liability Company, d/b/a, MERIAL, LLC,
a Sanofi Company, a foreign for-profit corporation,

      Defendant.

**SUMMONS**
**THE STATE OF NEW MEXICO**

**TO:**    Merial, Limited, a Delaware Limited Liability Company,  d/b/a, Merial, LLC
c/o CT Corporation System
123 E. Marcy
Santa Fe, NM 87501
**Defendant.**

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 16th day of April, 2015.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _/s/ Victoria Mintz_
     Deputy

**AttorneyS for plaintiff:**

Molly Schmidt-Nowara
Matthew L. Garcia
Garcia Ives Nowara
201 Third Street NW, Suite 480
Albuquerque, NM 87102
Ph: (505) 899-1030

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF _____ )
                                 ) ss
COUNTY OF _____ )

    I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Summons in said County on the __19th__ day of _____May, 2015_____ with copy of Complaint attached in the following manner:
*(check one box and fill in appropriate blanks)*

[ ]    to Defendant _____ (used when Defendant receives copy of Summons or refuses to receive Summons)

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, who at the time of such service as absent therefrom

[ ]    by posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode)

[ ]    to _____, an agent authorized to receive service of process for Defendant

[ ]    to _____, (parent) (guardian) of Defendant (used when Defendant is a minor or an incapacitated person)

[X]    to _Roland N. Atencio_ (name of person), _Process Specialist_, (title of person authorized to receive service) (used when Defendant is corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)

Fees: $40

_____Michael Manning_____    Michael Manning
Title (if any)

Subscribed and sworn to before me this __19th__ day of __May__, 2015.

_____
Judge, Notary or Other Officer
Authorized to Administer Oaths

Official Title: _____
My commission expires: _____

OFFICIAL SEAL
Amy Manning
NOTARY PUBLIC
STATE OF NEW MEXICO
5/10/2019